IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| VICENTE ANTONINO-GARCIA, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | CV-99-655-ST |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| AVERIAN AND EVDOKIA SHADRIN, | ) | |
| | ) | |
| Defendants. | ) | |

STEWART, Magistrate Judge:

### **INTRODUCTION**

Plaintiffs, who were employed by defendants in 1998 to pick caneberries, allege that

defendants violated the Fair Labor Standards Act, 29 USC §§ 201 *et seq* ("FLSA") by paying them

less than the federal and state minimum wages, providing sub-standard housing, and unlawfully

1 - OPINION AND ORDER

withholding their wages.  This court has jurisdiction over the FLSA claims under 28 USC § 1331 and over the supplemental state law claims under 28 USC § 1367.

Pending before the court is plaintiffs' Motion for Order Compelling Answers, to Limit Conduct at a Deposition, for Sanctions and for Enlargment of Time to Complete Discovery and file Summary Judgment Motion (docket # 64).   Defendants filed no opposition to this motion. For the following reasons, that motion is granted.

## DISCUSSION

Plaintiffs seek to take the deposition of defendant Evdokia Shadrin because her husband/co-defendant Averian Shadrin died approximately three weeks before trial.  The issue then arose whether Mrs. Shadrin is liable to the plaintiffs for any of the claims alleged against her husband as the successor employer.  In particular, plaintiffs seek information from Mrs. Shadrin concerning the operation of defendants' farm in 1998 and now.  Mrs. Shadrin's deposition is necessary in order for plaintiffs to adequately prepare a summary judgment motion.

Mrs. Shadrin appeared for her deposition on March 21, 2002,  representing herself along with family members.  Not only did Mrs. Shadrin refuse to answer questions by plaintiffs' attorney, Mr. Boon, stating that it was not his business, but Mrs. Shadrin's sister and "supporter," Elena Chernishoff, continually disrupted the proceedings.  Ms. Chernishoff insisted that Mr. Boon lower his voice, required that the deposition proceed without the interpreter hired by plaintiffs, asked why plaintiffs were not personally present, interrupted Mr. Boon constantly, and ignored Mr. Boon's request that she not talk to Mrs. Shadrin during the deposition.  Mr. Boon warned Mrs. Shadrin that he would seek sanctions

from the court if she failed to cooperate.  Finally, due to Mrs. Shadrin's lack of cooperation and Ms.

Chernishoff's inteference, Mr. Boon was forced to stop the deposition.

Plaintiffs are entitled to take the deposition of a party upon giving the proper notice.  Federal

Rule of Civil Procedure ("FRCP") 30(a).  During a deposition, "[e]xamination and cross-examination

of witnesses may proceed as permitted at the trial."  FRCP 30(b).  That means questions are asked and

answered as if the witness is testifying in court at trial.  If the witness or the witness' attorney has an

evidentiary objection to a question, then that objection may be made. FRCP 30(d)(1).  However, a

person other than the witness or the witness' lawyer may not participate in a deposition in any manner,

just as a person in the back of a courtroom during trial may not interrupt the questioning of a witness on

the witness stand.

> If the court finds that any impediment, delay, or other conduct has
> frustrated the fair examination of the deponent, it may impose upon the
> persons responsible an appropriate sanction, including the reasonable
> costs and attorneys' fees incurred by any parties as a result thereof.

FRCP 30(d)(3).

In addition, FRCP 37(a)(2)(B) authorizes a party to move for an order to compel an answer if

a deponent fails to answer questions propounded during a deposition.  If a party fails to obey the a

court order regarding depositions, then the court may make such orders "as are just," including:

> An order that the matters regarding which the order was made or any
> other designated facts shall be taken to be established for the purposes
> of the action in accordance with the claim of the party obtaining the
> order.

FRCP 37(b) & (d).

3 - OPINION AND ORDER

Here Mrs. Shadrin clearly refused to answer questions asked by Mr. Boon and Mrs. Shadrin's sister improperly interfered with the deposition. This behavior is consistent with Mrs. Shadrin's general unwillingness to cooperate with these court proceedings, such as when she insisted that all communications with the court must be in writing and disconnected herself during a telephone conference on February 28, 2002 (docket #63).

Therefore, this court orders that Mrs. Shadrin appear at a deposition and answer questions put to her by Mr. Boon. Once the deposition begins, no one except Mrs Shadrin, or her attorney if she obtains one, may say anything to Mrs. Shadrin or Mr. Boon or to anyone else present during the deposition. If Mrs. Shadrin requires an interpreter, then plaintiffs may supply an interpreter of their choice. In addition, if Mr. Boon believes that it would be helpful, he may notice the deposition to be held in courtroom 10B at the United States Courthouse in Portland, Oregon.

If Mrs. Shadrin does not appear for her deposition or does not answer Mr. Boon's questions, then as a sanction, this court will take as established the fact that she is the successor employer to Averian Shadrin and otherwise employed plaintiffs as alleged in the Complaint. In that event, Mrs. Shadrin may still contest the amount of damages sought by plaintiffs. Also, because Mr. Boon warned Mrs. Shadrin Boon prior to terminating her deposition that he would seek to recover his attorney fees and costs should her lack of cooperation continue, this court also requires Mrs. Shadrin to pay plaintiffs the sum of $507.50 for attorney fees incurred by plaintiffs and $132.50 for the appearance and transcript fee of the court reporter.

Plaintiffs shall have 30 days to take Mrs. Shadrin's deposition and an additional 30 days in which to file a summary judgment motion.

4 - OPINION AND ORDER

## ORDER

Plaintiffs' for Order Compelling Answers, to Limit Conduct at a Deposition, for Sanctions and for Enlargment of Time to Complete Discovery and file Summary Judgment Motion (docket # 64) is GRANTED as follows:

1.  Defendant Evdokia Shadrin shall appear at her deposition noticed by plaintiffs and shall fully answer questions put to her by plaintiffs' attorney;

2.  Once the deposition begins, no one except Mrs Shadrin, or her attorney if she obtains one, may say anything to Mrs. Shadrin, to plaintiffs' counsel or to anyone else present during the deposition;

3.  If Mrs. Shadrin requires an interpreter, then plaintiffs may supply an interpreter of their choice at their cost;

4.  If Mrs. Shadrin does not appear for her deposition or does not fully answer all of the questions, then this court will take as established the fact that she is the successor employer to defendant Averian Shadrin and otherwise employed plaintiffs as alleged in the Complaint;

4.  Mrs. Shadrin shall pay plaintiffs the sum of $507.50 for attorney fees incurred by plaintiffs and $132.50 for the appearance and transcript fee of the court reporter; and

5.  Completion of discovery is extended to May 30, 2002, and the date to file dispositive motions is extended to June 28, 2002.

DATED this 30th day of April, 2002.

  /s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge